

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**BERNARD BENJAMIN VILINSKY,**
**IRA SAMUEL VILINSKY AND**
**PENNYE MICHELLE VILINSKY,**
        Plaintiffs,

       v.

**FLORIDA ATLANTIC UNIVERSITY,**
**ITS BOARD OF TRUSTEES,**
**FRANK BROGAN, JOHN PRITCHETT,**
**RANDY GOIN, DR. ROSALYN CARTER,**
**PATTY SINGER, PAULA BEHUL,**
**EDWARD ROWE, ARON TEMKIN,**
**DR. JEAN MARTIN CALDIERON,**
**EMMANOUIL VERMISSO, MATE**
**THITISAWAT,**
        Defendants,

### COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. sec. 1983

Comes now Plaintiffs, pro se, and state the following:

       This Court has subject matter jurisdiction over this case under 28 U.S.C. sec. 1331, as this action arises under the First and Fourteenth Amendments to the United States Constitution; under 28 U.S.C. sec. 1343 (a)(3), in that it is brought to redress deprivations, under color of state law, of rights, privileges and immunities secured by the United States Constitution; under 28 U.S.C. sec. 1343 (a)(4), in that it seeks to recover damages and secure equitable relief under an Act of Congress, specifically, 42 U.S.C. sec. 1983, which provides a cause of action for the protection of civil rights; under 28 U.S.C. sec. 2201 (a), to secure declaratory relief; and under 28 U.S.C. sec. 2202, to secure preliminary and injunctive relief and damages.

1

The venue in this action is proper within this judicial district and the Fort Lauderdale division pursuant to 28 U.S.C. sec. 1391(b) in that a substantial part of the claims asserted by Plaintiffs arose within this judicial district and division.

## I. Party Information

### A. 1. Plaintiff: Bernard Benjamin Vilinsky

Address: 15539 Agnew Place, Southfield, Michigan 48075

Year of birth: 1987

Is a Jewish Sabbath observant individual who was a student at State University System of Florida, Florida Atlantic University (FAU) who was formerly enrolled in the School of Architecture.

### 2. Plaintiff: Ira Samuel Vilinsky

Address: 900 NE 178 Street, North Miami Beach, Florida 33162

Year of birth: 1958

Is the Jewish Sabbath observant father of Plaintiff Bernard B. Vilinsky and who was educated at public institutions including a university in the State University System of Florida and is the father of two other Jewish Sabbath observant children also educated at universities in the State University System of Florida.

### 3. Plaintiff: Pennye Michelle Vilinsky

Address: 900 NE 178 Street, North Miami Beach, Florida 33162

Year of birth: 1959

Is the Jewish Sabbath observant mother of Plaintiff Bernard B. Vilinsky and who was also educated at public institutions including a university in the State University System of Florida and is the mother of two other Jewish Sabbath observant children also educated at universities in the State University System of Florida.

vs.

**B. 1. Defendant: Florida Atlantic University**

   **2. Defendant: Board of Trustees, Florida Atlantic University**

  **3. Defendant: Frank Brogan,** Chancellor of Florida Board of Governors and
former President of Florida Atlantic University

  **4. Defendant: John Pritchett,** former Acting University President, Provost and
Chief Academic Officer, Florida Atlantic University

  **5. Defendant: Randy Goin,** former University President's Chief of staff, Florida
Atlantic University

  **6. Defendant: Dr. Rosalyn Carter,** Dean and Professor, Florida Atlantic
University

  **7. Defendant, Patty Singer,** Ombudsman, Florida Atlantic University

  **8. Defendant, Paula Behul,** Director of Equal Opportunity Programs, Florida
Atlantic University

  **9. Defendant, Edward Rowe,** Associate Director of Equal Opportunity Programs,
Florida Atlantic University

  **10. Defendant: Aron Temkin,** former Director and Assistant Professor, School of
Architecture, Florida Atlantic University

**11. Defendant: Dr. Jean Martin Caldieron,** Assistant Professor, School of Architecture, Florida Atlantic University

**12. Defendant: Emmanouil Vermisso,** Assistant Professor, School of Architecture, Florida Atlantic University

**13. Defendant: Mate Thitisawat,** Assistant Professor, School of Architecture, Florida Atlantic University

## II. Statement of Claim

Plaintiff Bernard B. Vilinsky born to and raised by Plaintiff Ira S. Vilinsky and Plaintiff Pennye Vilinsky to be a Sabbath observant Jewish man, who always outwardly wears a yalmulke on his head and tzitzis displayed and strictly follows the laws and customs of his Jewish religion.

Plaintiff Bernard Vilinsky applied to, was accepted to and initiated his pursuit of a Bachelor's degree in Architecture at Florida Atlantic University (FAU) in the Fall semester of 2006. He attended and completed the FAU School of Architecture lower level program in the Spring of 2008. He then applied to and was accepted to the FAU School of Architecture upper level program and attended there from the fall semester of 2008 through the Summer of 2009.

Plaintiff Bernard B. Vilinsky became the victim of civil rights violations against his constitutional right of religious exercise and belief and subjected to a hostile learning environment based on religious discrimination by the faculty, administrators and policy enforcers beginning in the fall semester of 2008 and continued through August 2010.

This is a civil rights action brought to vindicate Plaintiff Bernard B.Vilinsky's, Plaintiff Ira S.Vilinsky's and Plaintiff Pennye M. Vilinsky's (hereinafter referred to as Bernard Vilinsky, Ira Vilinsky and Pennye Vilinsky, respectively), constitutional rights of religious exercise and belief as against the ideologically heavy-handed impositions of representatives of Florida Atlantic University (FAU). FAU faculty have penalized Bernard Vilinsky academically, not because of poor academic showing or demonstrated deficiencies in academics, but simply because he maintained his religious beliefs and observance from birth passed on to him by his parents, Ira Vilinsky and Pennye Vilinsky. From the onset of the discriminatory behavior against Bernard Vilinsky, he solicited his parent's guidance, assistance and involvement in remedying the situation. Bernard Vilinsky's parents, Ira Vilinsky and Pennye Vilinsky were not only financially responsible for Bernard Vilinsky's education but additionally had the responsibility to support their son's religious convictions. At each attempt to remedy the situation(s) Ira Vilinsky and/or Pennye Vilinsky were intrically involved personally. Together, Bernard Vilinsky and his parents, Ira Vilinsky and/or Pennye Vilinsky made numerous attempts to remedy the situation(s) via conversations, writings and meetings in person throughout the entire situation(s). Because Ira Vilinsky and Pennye Vilinsky's child, Bernard Vilinsky would not go against his religious beliefs, observance and upbringing, he was subjected to discriminatory treatment.

As a result of Florida Atlantic University's negligence of remedying the situation(s), Bernard Vilinsky felt he could no longer function in an educational institution that went against his religious convictions which in turn caused emotional, financial and psychological harm to Bernard Vilinsky, Ira Vilinsky and Pennye Vilinsky. Having no other choice, Bernard Vilinsky withdrew from Florida Atlantic University.

Moreover, FAU, acting through its authorized faculty, administrators and policymakers, discriminated based on religious beliefs, observance and exercise, retaliated and created a hostile learning environment based on religious discrimination. Their usage of various departmental and university – wide policies, regulations and

procedures to cover-up, hide and avoid their discriminatory behavior and misdeeds were inherently manipulable and subjective in application, and facilitated the penalization of religious beliefs and observances that are disfavored by the faculty, administrators and policy enforcers.

   **1. Defendant: Florida Atlantic University,** This institution condoned discriminatory acts at its school.

   **2. Defendant: Board of Trustees, Florida Atlantic University** (Chairperson Robert J. Stilley and Assistant Chairperson Anthony Barbar, Board of Trustees, Florida Atlantic University) is, and was at all times relevant to this Complaint. This defendants' duties include, among others, the authority to govern and set policy for Florida Atlantic University. The Board was notified officially in writing and chose not to pursue the issue. This defendant is named in this suit is, sued in its official capacity.

   **3. Defendant: Frank Brogan,** is and was at all times relevant to this Complaint, former FAU President and current Chancellor of Florida Board of Governors. Mr. Brogan's duties included, among others, authorizing and/or executing the policies governing faculty and students at FAU, and overseeing the operation and management of the University. Mr. Brogan was notified officially in writing and conversations with his office during the situation(s). He was informed of the negligent handling of the situation(s) and despite the notification(s), did not take steps to change the course of action. Mr. Brogan is sued in his official capacity.

**4. Defendant: John Pritchett,** is and was at all times relevant to this Complaint, former FAU Acting President, Provost and Chief Academic Officer. Mr. Pritchett's duties included, among others, authorizing and/or executing the policies governing faculty and students at FAU, and overseeing the operation and management of the University. A visit was made to Mr. Pritchett's office to inform him of the situation(s) and there was no response to Plaintiffs' concerns. Mr. Pritchett is sued in his official capacity.

**5. Defendant: Randy Goin,** is and was at all times relevant to this Complaint, former Chief of Staff for former FAU President Frank Brogan and former FAU Acting President John Pritchett. Mr. Goin was aware of the situation and also allowed the discriminatory actions to continue. Mr. Goin is sued in his official capacity.

**6. Defendant: Dr. Rosalyn Carter,** is and was at all times relevant to this Complaint, Dean and Professor in the FAU College of Design and Social Inquiry. Dr. Carter's duties included planning, implementing and exercising administrative oversight as well as developing, recommending and interpreting University rules, regulations, policies and procedures. Dr. Carter was completely aware of every step of the situation(s) and still allowed the discriminatory action(s) and behavior to continue. Dr. Carter is sued in her official capacity.

**7. Defendant, Patty Singer,** is and was at all times relevant to this Complaint, Ombudsman, Florida Atlantic University. Ms. Singer's duties included investigating, making recommendations and mediating situations. Ms. Singer was informed of the discriminatory behavior toward Bernard Vilinsky and neither investigated nor mediated the situation(s). Ms. Singer is sued in her official capacity.

**8. Defendant, Paula Behul,** is and was at all times relevant to this Complaint, Director of Equal Opportunity Programs, Florida Atlantic University. Ms. Behul's duties included ensuring every individual involved with Florida Atlantic University was in an environment free of discrimination. Ms. Behul was informed of discriminatory actions, behaviors and attitudes. Ms. Behul was aware that Bernard Vilinsky was out of the country and did not want to converse without his support system. Even though the evidence was readily available, Ms. Behul was negligent in not thoroughly investigating the facts claiming it could not be done without Bernard Vilinsky's verbal input. The Equal Opportunity Programs' findings did not reflect concerns of the original complaint. Ms. Behul is sued in her official capacity.

7

**9. Defendant, Edward Rowe,** is and was at all times relevant to this Complaint, Associate Director of Equal Opportunity Programs, Florida Atlantic University. Mr. Rowe's duties included ensuring every individual involved with Florida Atlantic University was in an environment free of discrimination.  Mr. Rowe was informed of discriminatory actions, behaviors and attitudes. Mr. Rowe was aware that Bernard Vilinsky was out of the country and did not want to converse without his support system. Even though the evidence was readily available, Mr. Rowe was negligent in not thoroughly investigating the facts claiming it could not be done without Bernard Vilinsky's verbal input. The Equal Opportunity Programs' findings did not reflect concerns of the original complaint. Mr. Rowe is sued in his official capacity.

**10. Defendant: Aron Temkin,** is and was at all times relevant to this Complaint, former Director and Associate Professor in the FAU School of Architecture. Mr. Temkin's duties included, among others, leadership, direction, management instruction and coordination in the School of Architecture. From the onset of the discriminatory behavior, Bernard Vilinsky went to Mr Temkin for his official guidance and assistance. Mr. Temkin was made aware of each and every discriminatory act as it happened and neglected to have the situation(s) investigated by Florida Atlantic University's Equal Opportunity Programs. Mr Temkin knowingly allowed the discriminatory behaviors to continue. Mr. Temkin is sued in his official capacity.

**11. Defendant: Dr. Jean Martin Caldieron** is and was at all times relevant to this Complaint, Assistant Professor in the FAU School of Architecture. Dr. Caldieron's duties included teaching and oversight of student education and discipline. Dr. Caldieron made negative comments regarding Bernard Vilinsky's religious Jewish upbringing, lifestyle and practices. He outwardly treated Bernard Vilinsky differently by causing a hostile learning environment for Bernard Vilinsky based on discrimination. Dr. Caldieron is sued in his official capacity.

8

**12. Defendant: Emmanouil Vermisso** is, and was at all times relevant to this Complaint, Assistant Professor in the FAU School of Architecture. Mr. Vermisso's duties included, among others, teaching and oversight of student education and discipline. Mr. Vermisso verbally and in writing informed Bernard Vilinsky that his religion was no excuse for missing class and Bernard Vilinsky would be penalized grade-wise because of it. Mr. Vermisso showed outward disregard towards Bernard Vilinsky as a student. Mr. Vermisso's unprofessional and Anti-Semitic attitude placed Bernard Vilinsky at a disadvantage contributing to a hostile learning environment. Mr. Vermisso did everything he could not to remedy the situation. Mr. Vermisso is sued in his official capacity.

**11. Defendant: Mate Thitisawat,** is and was at all times relevant to this Complaint, Assistant Professor in the FAU School of Architecture. Mr. Thitisawat's duties included teaching and oversight of student education and discipline. Mr. Thitisawat continuosly led Bernard Vilinky to believe he was satisfactorily progressing in his course, gave no negative feedback on Bernard Vilinsky's work and did not pass Bernard Vilinsky. Upon Bernard Vilinsky's request for a meeting with Mr.Thitisawat, Mr. Thitisawat could not give any substantial reason for the failure of the course. Mr. Thitisawat was in fact part of a close-knit group of collegues and was aware of Bernard Vilinsky's accusations against his collegues. By giving Bernard Vilinsky a failing grade in his course was a means to side with his collegues, demean Bernard Vilinsky's accusations and portray Bernard Vilinsky as an inadequate student. Mr. Thitisawat is sued in his official capacity.

## III. Relief Requested

By the Complaint in this case, Plaintiffs seek judicial redress in the form of declaratory, injunctive and monetary relief in the form of compensatory and punitive damages for violations of their civil rights due to religious discrimination as well as their expenses and possible future legal fees. But they also seek to confirm what everyone has a right to expect in the United States: that religious Jewish persons may receive an

education at Florida Atlantic University, just like anybody else, without having to suffer the indignities of religious discrimination at the hands of the faculty, administrators and policy enforcers.

Grant such other further relief as the Court may deem just and proper.

## IV. Jury Demand

Plaintiffs demand trial by jury for all the issues plead herein.

We declare under penalty of perjury that the foregoing is true and correct.

Signed this 29th day of May, 2012

Signature of Plaintiff, Bernard B. Vilinsky

Signature of Plaintiff, Ira S. Vilinsky

Signature of Plaintiff, Pennye Vilinsky

10

## <u>ALL PLAINTIFF CONTACT INFORMATION</u>

Bernard B. Vilinsky

Ira S. Vilinsky

Pennye Vilinsky


900 NE 178 Street

North Miami Beach, Florida 33162


(305) 965-9947


ivilinsky@prodigy.net

11